DEPARTMENT OF REVENUE,
*Plaintiff,*

*v.*

Joseph W. Jay RAKOCY,
*Defendant.*

(TC 4504)

Douglas M. Adair, Assistant Attorney General, Department of Justice, Salem, filed the motion for Plaintiff (the department).

Alan S. Lanker, Fewel & Brewer, Corvallis, filed the motion and response for Defendant (taxpayer).

Decision for Defendant rendered May 23, 2001.

**CARL N. BYERS, Senior Judge.**

Plaintiff Department of Revenue (the department) appeals from a magistrate decision allowing some of the impairment-related work expenses claimed on Defendant's (taxpayer) 1996 Oregon Income Tax Return. Taxpayer counterclaims that the magistrate erred in failing to allow all of such claimed expenses. There is no dispute of material fact, and the matter has been submitted to the court on cross motions for summary judgment.

## FACTS

Taxpayer is handicapped by mental illness. In addition to therapy and prescriptions, his medically prescribed program also directs that taxpayer should: (1) engage in occupational therapy by working in a low-stress work setting, (2) use private transportation to and from work (public transportation is viewed as incompatible with taxpayer's mental needs), (3) view mild television programs to mitigate anxiety and encourage sleep, and (4) maintain a telephone for contacting psychiatric staff for crisis and medication adjustments.

For the 1996 tax year, taxpayer claimed the following expenses:

| | | |
|---|---|---:|
| "Psychiatrists | [$] | 45.00 |
| "Anti-psychotic drugs | | 215.00 |
| "* * * | | |
| "Car rent | | 1,750.00 |
| "Car operation and maintenance | | 382.97 |
| "Car insurance | | 749.98 |
| "Parking at work | | 540.00 |
| "Cable services therapy support | | 402.12 |
| "Telephone support | | 202.31 |
| "Stress therapy activity | | 701.70 |
| "Union dues * * * | | 242.19 |
| " Other medical | | 228.76 |
| | | |
| "Total | | 5460.03 |
| "* * *" | | |

Taxpayer claimed those expenses as an itemized deduction on Line 27, Schedule A of his federal return.

## ISSUE

Are all of the claimed expenses deductible in full?

## ANALYSIS

Inasmuch as Oregon taxable income is based on the individual's federal taxable income, the governing law for this issue is the Internal Revenue Code (IRC). *See* ORS 316.007 to ORS 316.048.[1] Under the IRC, personal, living, or family expenses are not deductible unless expressly otherwise provided. *See* IRC § 262(a).[2] Although medical expenses are personal living expenses, they are expressly made deductible to the extent that the total expenses exceed 7.5 percent of the taxpayer's adjusted gross income. *See* IRC § 213. An individual's trade or business expenses are deductible to the extent that they are "ordinary and necessary." *See* IRC § 162(a). "Miscellaneous" expenses are deductible only to the extent that they exceed 2 percent of the taxpayer's adjusted gross income. *See* IRC § 67(a). IRC § 67(a) excludes from the definition of miscellaneous expenses certain specified expenses. *See* IRC § 67(b)(6). One of those specified is impairment-related work expenses. IRC § 67(d) provides:

> "For purposes of this section, the term 'impairment-related work expenses' means expenses—
>
> "(1)   of a handicapped individual (as defined in section 190(b)(3)) for attendant care services at the individual's place of employment and other expenses in connection with such place of employment which are necessary for such individual to be able to work, and
>
> "(2)   with respect to which a deduction is allowable under section 162 (determined without regard to this section)."

Some of taxpayer's claimed expenses are obviously medical in nature and would be subject to the 7.5 percent limitation. Taxpayer's expenses for union dues would be subject to the 2 percent miscellaneous-expense limitation. However, taxpayer argues that all of the expenses fall within IRC §

---

[1] All references to the Oregon Revised Statutes are to 1995.

[2] All references to the Internal Revenue Code are to 1996.

67(d) because they are all "directly related to and necessary for Mr. Rakocy to be able to work."

Taxpayer contends that the exclusion for impairment-related work expenses has its origin in the Social Security laws. He maintains that the test used to determine eligibility for Social Security benefits should also be used to determine whether an expense is deductible for purposes of federal income taxes. The court rejects taxpayer's position for two reasons. First, there is no statutory language indicating that the Social Security laws or regulations thereunder are adopted by reference or otherwise. Second, IRC § 67(d)(2) excludes deductions for impairment-related work expenses from the 2 percent limitation only if they are allowable under IRC § 162 "without regard to this section." That language expresses a congressional intent directly contrary to taxpayer's position.

■■ IRC § 67(d) does not create a deduction for impairment-related work expenses, it merely excludes those expenses from the 2 percent limitation. Deductibility of the expense is determined under IRC § 162. The primary effect of IRC § 67(d)(1) is to clarify that although certain work-related expenses incurred by nonhandicapped employees are subject to the 2 percent floor, they are not subject to the 2 percent floor when incurred by a handicapped individual. The nature of the provision also suggests that the handicapped individual will incur expenses that are unusual or unusually larger than those incurred by nonhandicapped employees.

In determining what expenses are deductible under IRC § 162, a common question is whether the expense is for business purposes or personal purposes. Here, taxpayer has claimed as transportation expenses his commuting expenses. Such expenses have long been held to be a personal expense. Consequently, taxpayer's expenses for car rental, operation and maintenance, insurance, and parking are all personal expenses not deductible under IRC § 162.

■ However, in this case taxpayer's commuting expenses qualify as medical expenses. Due to the nature of taxpayer's handicap, his physician has prescribed private transportation. The department acknowledges that fact, but contends that, based on Revenue Procedure 95-54, 1995-52

IRB 27, the deduction is limited to 10 cents per mile. However, the cited revenue procedure merely allows a shorthand method of accounting for medical transportation expenses. The shorthand method is used because private automobiles may be used for other purposes and would therefore require significant record keeping. A taxpayer who has greater actual expenses than 10 cents per mile may deduct the actual amounts. *See* Jacob Mertens, Jr., 8 *Mertens Law of Federal Income Taxation* § 31B.07 (rev 1994). There is no indication in this case that taxpayer used the automobile for other than commuting to and from work. Therefore, the entire amounts qualify as medical expenses.

■       The same is true with regard to taxpayer's telephone expense. While a telephone is a personal expense, the fact that taxpayer's doctors prescribed it makes it a medical necessity and therefore a deductible medical expense. While a personal telephone is common, commonality is not the test. Medical necessity is.

Taxpayer makes two other arguments, neither of which aid his case. First, taxpayer argues that his employment must be viewed as a source of therapy rather than a source of income. Even if that argument is accepted, the necessary conclusion is that employment-related expenses would be medical expenses, not trade or business expenses.

Second, taxpayer argues that IRC § 67(d)(1) merely requires the impairment-related work expenses to be connected with employment, not limited to the place of employment. The court disagrees. The phrase "impairment-related *work* expenses" (emphasis added) itself suggests that the expenses are incurred in connection with the process of working, not with the process of living or getting to and from work. Further, the statute clearly states expenses in connection with "such place" of employment. It is the place of employment that distinguishes those expenses from personal living expenses. To be able to work, people must live. That is, they must eat, sleep, bathe, etc. Those expenses are personal expenses and no allocation is made between personal and business expenses except in limited situations such as business travel.

■     IRC § 67(d)(1) contemplates that impairment-related work expenses will be incurred in order to enable the handicapped person to perform the work. There can be no question that the attendant-care services are required to be performed at the "individual's place of employment." The cost for attendant-care services at home or at places other than work are not an allowable deduction. Likewise, other expenses such as special equipment or assistants qualify only if incurred at the work site. If an expense is incurred for assistance that is used both at work and away from work, it is not deductible as a business expense. For example, expenses for a seeing eye dog used by a taxpayer both at work and away from work are not deductible. *See* Rev Rul 57-461, 1957-2 CB 116 *distinguished by* Rev Rul 75-316, 1975-2 CB 54 (under particular circumstances, blind individuals who require the services of readers to perform professional and semiprofessional business duties may deduct such expenditures as business expenses under IRS § 162).

One might ask the question: if IRC § 67(d)(2) requires that the expense be deductible under § 162, what is the purpose of subsection (1)? The answer is that because the contemplated expenses are so individualized, Congress wanted to make it clear that a handicapped employee may *fully* deduct those special expenses that are required to enable that employee to do assigned work tasks.

In summary, the court finds that none of the expenses claimed by taxpayer qualifies as impairment-related work expenses under IRC § 67(d). The court does find that all of the claimed expenses except the cable services and taxpayer's union dues are deductible as medical expenses to the extent they exceed 7.5 percent of taxpayer's adjusted gross income.

The amount expended for cable services is not deductible because taxpayer's physician did not prescribe cable services. The physician prescribed the viewing of mild television programs, something that may be obtained free over broadcast channels. Also, the court finds that taxpayer's union dues are not deductible. They do not qualify under IRC § 67(d) and therefore are limited to the extent they exceed 2 percent of taxpayer's adjusted gross income. Two percent of

taxpayer's adjusted gross income is more than the amount taxpayer paid in union dues.

Based on the above, the court finds that taxpayer incurred $4,815.69 in medical expenses. Those expenses are deductible only to the extent they exceed 7.5 percent of taxpayer's adjusted gross income. Taxpayer's adjusted gross income was $16,295 and 7.5 percent of that amount is $1,222.13. Therefore, taxpayer is entitled to deduct $3,593.56 as an itemized deduction. Because 3,593.56 exceeds the standard deduction allowed by the department, it will be necessary for the department to recalculate taxpayer's income tax liability.

IT IS ORDERED that Plaintiff's Motion for Summary Judgment is denied, and

IT IS FURTHER ORDERED that Defendant's cross motion for summary judgment is granted in part and denied in part. Defendant to recover costs and attorney fees.